## STATE *v.* DOTCH.

FORGERY. *Indictment, sufficiently informing accused of charge, held sufficient.*

An indictment against a school-teacher for forging the names of trustees to a certificate of her monthly report, authorizing the issuance of a pay warrant, is valid, when the language sufficiently informs the accused of the nature and cause of the charge.

APPEAL from circuit court of Leflore county.

HON. D. E. BEAMS, Judge.

Catherine Dotch was indicted for forgery, and a demurrer to the indictment was sustained, and the state appeals. Reversed and remanded.

*H. Cassedy Holden,* special assistant attorney-general, for the state.

It is complained that the indictment is vague, indefinite and uncertain. In answer to this objection it is urged that it is only necessary to charge a crime in concise and positive terms. Refined objections and niceties will not be regarded, and it will be sufficient, if, from the whole tenor of the charge, the statement be sufficiently clear to furnish an intelligible description of the manner of committing the alleged offense. *Wilson* v. *State,* 80 Miss. 388, 31 So. 787.

The facts and circumstances which constitute an offense as charged must be stated with precision and certainty; and every material circumstance in regard to time and place must be averred with that degree of certainty which is sufficient to exclude every other intendment. *Riggs* v. *State,* 26 Miss. 51.

Under the Constitution a man has the right to demand the nature and cause of the accusation against him. This constitutional guaranty is intended to secure to the accused such a specific designation of the offense laid to his charge, as will enable him to make every preparation for his trial, necessary to his full and complete defense, and also such identification of the offense as that he might not be charged by the grand jury with one offense, and put on trial for another and so that after his conviction or acquital, his subsequent protection might be insured, should he be again questioned about the same offense. *Murphy* v. *State,* 24 Miss. 590; *Norris* v. *State,* 33 Miss. 373.

The indictment in the case at bar meets every demand laid down in the authorities just cited. It undoubtedly informs the defendant of the nature of the crime with which she is charged. No reasonable man could read this indictment without coming to the conclusion that it charged the defendant with forging the trustees' certificate to a school report by virute of which forgery the defendant sought to gain, at the expense of the county. The teacher's report and certificate in question are both set out *verbatim* so that

there might be no mistake. Certainly no intelligent person could be in doubt concerning what particular report and what particular certificate he or she was being charged with forging, after reading the indictment in this case. Moreover, it is too clear for argument that a conviction of the defendant in this case, under this indictment, would protect her against another prosecution for forging the names of the trustees to this particular certificate attached to this particular teacher's report. There could be no possibility of her being twice placed in jeopardy for this same offense. The indictment is as clear, concise, definite and positive as an indictment for such an offense could possibly be.

*Whittington & Osborne,* for appellee.

The indictment charges no offense under the law—is vague, indefinite and uncertain and does not advise the defendant of the nature and cause of the accusation against her. In order that forgery may be committed, the writing alleged to have been forged must have been one that, if genuine, would have injured another. There is no averment in the indictment that Catherine Dotch was elected teacher by the trustees of the school or that she was appoined as such by the superintendent, nor is there any averment that the superintendent of education for Leflore county had contracted with her for teaching the school.

In the case of *Moore* v. *The State,* 107 Miss. 181, 65 So. 126 this court, speaking through Chief Justice SMITH, held that no offense is committed unless the teacher is elected or appointed and unless the superintendent had contracted with her. There is a mere recital that Catherine Dotch was a teacher in the school but as to whether she had ever been employed by the superintendent or elected by the trustees or appointed by the superintendent, the indictment is silent.

The appellee, however, is entitled to be advised of the nature and cause of the accusation against her. She could

not be charged with forgery unless she was a teacher appointed or elected as required by law. *Poythress* v. *The State,* 56 So. 168.

If the report is the report of Mack Holst and Jessie Washington, then the appellee is charged with having forged a certificate to a report of the trustees, and if the report for the month of November was the report of the trustees under the case of *Moore* v. *The State,* 107 Miss. 181, the report would be a nullity and not the subject of forgery.

Section 4563 of the Code of 1906, requires the teacher to make out a report for each month and the report must be approved and certified by two trustees before the superintendent can issue a pay certificate. The making of the report, as held by this court in the case of *Griffin* v. *The State,* 96 Miss. 309, 51 So. 466, must be alleged in the indictment. Yet, this report is described as being the report of the trustees and the indictment makes the offense that of forging a certificate of the trustee to a report of their own.

Again, the persons whose names were forged to such a certificate must be trustees of the school, and this fact must be alleged and proved. The mere recital of such a fact in the certificate is not sufficient. The mere recital that Catherine Dotch was a teacher in the indictment is not sufficient. It must be alleged who the trustees are and the fact that they are trustees must be proved. It must be alleged who the teacher was and this fact must be proved. *France* v. *The State,* 83 Miss. 281, 35 So. 313; *Griffin* v. *State,* 96 Miss. 309, 51 So. 466.

The indictment is vague and uncertain. That part of the indictment at the bottom of page 5 of the record is really unintelligible. The words "by the superintendent of education of said county" following the word "aforesaid" in line two from the bottom of page 5 of the transcript makes this indictment not only uncertain and vague, but absolutely unintelligible.

The indictment is insufficient. The judgment of the lower court should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit court sustaining a demurrer to an indictment charging Catherine Dotch with forgery. The demurrer contains several grounds, but we assume that the lower court sustained the demurrer on the ground that the indictment is vague and indefinite, and does not sufficiently inform the accused as to the nature of the charge. We have carefully considered the indictment as it appears in the record and also the arguments made by counsel for the appellee, and hav reached the conclusion that the indictment is sufficient and valid, and therefore the lower court erred in sustaining the demurrer.

We deem it unnecessary to set out the indictment, which is drawn under section 1187, Code of 1906 (section 917, Hemingway's Code), and involves section 4563, Code of 1906 (section 7379, Hemingway's Code). The indictment sufficiently charges that Catherine Dotch, a school-teacher, forged the names of two trustees to a certificate of her monthly school report, which certified report, if genuine, would have created, or purported to create, a pecuniary demand or obligation, that is, the superintendent of education would have been thereby authorized and required to issue a pay warrant thereon.

The indictment probably could have been more carefully drawn, and, while it contains some surplusage, and is incorrectly punctuated in some parts, taking it as a whole, we think the accused was fully informed of the nature and cause of the accusation.

*Reversed and remanded.*